**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Luxottica Group S.p.A. et al, <br><br> Plaintiff, <br><br> vs. <br><br> The Partnerships and Unincorporated <br><br> Associations Identified on Schedule "A" <br><br> Defendants | Case No.: 21-cv-06621 <br><br> **Judge Charles R. Norgle, Sr** <br><br> **Magistrate Judge Heather K. McShain** <br><br> **DEFENDANT'S MOTION TO VACATE THE PRELIMINARY INJUNCTION ORDER AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FRCP 12(B)(2), AND ALTERNATIVELY MODIFY THE PRELIMINARY INJUNCTION AGAINST THIS SPECIFIC DEFENDANT** |

**DEFENDANT LASIYANOR'S MOTION TO VACATE THE PRELIMINARY INJUNCTION ORDER AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FRCP 12(B)(2), AND ALTERNATIVELY MODIFY THE PRELIMINARY INJUNCTION AGAINST THIS SPECIFIC DEFENDANT**

Defendant Lasiyanor (hereinafter "Defendant") is moving to vacate the preliminary injunction order and to dismiss for lack of personal jurisdiction under FRCP 12(b)(2), and alternatively modify the preliminary injunction against this specific defendant for reasons stated below:

I.      **PROCEDURAL BACKGROUND**

On 12/10/2021, Plaintiff filed a Complaint against hundreds of defendants for，among other things,  alleged trademark violation. [Dkt 1]

On 12/20/2021, the Court granted Plaintiff's Motion for Temporary Restraining Order ("TRO") [Dkt 24] and for electronic service of process [Dkt 25].

On 12/30/2021, the Court granted Plaintiff's extension of TRO until 01/17/2022. [Dkt 31].

1

On 12/22/2021, the Court granted Plaintiff's preliminary injunction. [Dkt 36].

## II.    FACTUAL BACKGROUND

Defendant is an internet store on Amazon.com, which is operated by a citizen of China. *See* Operator's Declaration. Defendant does not hire any employee in llinois., nor does it pay taxes in Illinois. *Id*. Besides a test purchased made by Plaintiffs, Defendant never shipped any alleged infringing products in Illinois. *Id*.

## III.    ARGUMENT

### A.  This Court Lacks Personal Jurisdiction Over Defendant

The Lanham Act does not authorize nationwide service of process, citing *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004), so a federal court sitting in Illinois may exercise jurisdiction over Ivanov in this case only if authorized both by Illinois law and by the United States Constitution. *be2 LLC v. Ivanov, 642 F.3d 555, 558 (7th Cir. 2011)*. The Illinois long-arm statute, in turn, permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States. *Id*.

Personal jurisdiction may be general or specific. General personal jurisdiction is only proper in the limited number of fora in which the defendant can be said to be at home. *Chenyan v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20 cv 00221, 2021 U.S. Dist. LEXIS 86934, at *1 (N.D. Ill. May 6, 2021). For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be directly related to the conduct pertaining to the claims asserted. *Id*. For specific jurisdiction, the Federal Circuit has established a three-prong test that must be satisfied: (1) whether the defendant purposefully directed its

activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Infosys Inc. v. Billingnetwork.com, Inc*., No. 03 C 3947, 2003 U.S. Dist. LEXIS 14808, at *1 (N.D. Ill. Aug. 26, 2003).

Here, the Court does not have general personal jurisdiction over Defendant as Defendant is not at home in this district. This Court does not have specific personal jurisdiction over the Defendant because it did not purposefully direct its actitives at the residents of the forum. It did not have any advertisement toward the Illinois residents, nor did it have any employee in Illinois. *See* Operator's Decl. The claim did not arise out of or is related to those activities. The assertion of personal jurisdiction is unfair and unreasonable because Defendant did not ship any alleged infrining products to Illinois.

The Seventh Circuit has cautioned that Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive. *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 760 (7th Cir. 2010).

The Supreme Court also cautioned that, to establish minimum contacts, the plaintiff **cannot be the only link** between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 277, 134 S. Ct. 1115, 1117 (2014). A defendant's relationship with a **plaintiff or third party**, standing alone, is an insufficient basis for jurisdiction. *Id*. (emphasis added). Personal jurisdiction cannot be based on the **unilateral activity** of a plaintiff. *Id*. (emphasis added).

3

Many recent cases showed that without any alleged infringing sales in Illinois, personal jurisdiction does not exist. This Court dismissed a defendant in a similar trademark infringement case where the defendant made 0 alleged infrining sales in Illinois. *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, No. 20-cv-5338, 2021 U.S. Dist. LEXIS 40755, at *1 (N.D. Ill. Mar. 4, 2021). Citing the *Rubik* case, the Court reasoned that because a defendant never shipped any infringing product to the forum, and that it was not enough that some "Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit [] product," personal jurisdiction did not exist. *MSM Design & Eng'g LLC v. P'ships & Unincorporated Ass'n Identified in Schedule "A"*, No. 20-cv-00121, 2021 U.S. Dist. LEXIS 140732, at *7-8 (N.D. Ill. July 28, 2021). "It is, by now, settled that specific personal jurisdiction over an online retailer is not established merely because the retailer's website is available in the forum." *Id*. at 6 citing *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 758 (7th Cir. 2010).

Here, therer is not even any link whatsoever between Defendant and the forum state. In fact, Defendant shipped 0 alleged infringing product to Illinois. Admittedly, Defendant is a website accessible in Illinois. However, there is no evidence showing that there is any connection between Defendant and the forum state. Defendant never targeted Illinois residents. It is true that Plaintiff showed a screenshot where Plaintiff's agent was attempting to place an order of the alleged infringing product. However, this is a unilateral act of the Plaintiff and at most it shows that Defendant's website is available to view by an Illinois resident, which was rejected a basis for specific personal jurisdiction in *Rubik*, *MGM*, and *Hemi*.

**B. Rule 4(k)(2) Does Not Apply**

Fed. R. Civ. P. 4(k)(2) recognized the greater powers of the United States as a whole. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP* , 256 F.3d 548, 549 (7th Cir. 2001). A law firm is subject to personal jurisdiction of the Northern District of Illinois when it sent a letter to California, using the United States Postal Service, that had economic consequence in the United States. *Id.* The Seventh Circuit reasoning is that this law firm did not affirmatively subject itself to any jurisdiction when inquired. *Id.* at 552.

Here, Defendant affirmatively agrees to the personal jurisdiction of court in California.

**C. Defendant's Use Of The Word "Wayfarer" Constitutes Fair Use.**

Defendant's usage of the word "wayfarer" is for descriptive fair use. It refers to sunglasses worn by a traveller by foot (https://www.merriam-webster.com/dictionary/wayfarer).





Plaintiff's registration of the mark does not give Plaintiff the monopoly of squeezing other people of the usage of this word.



**Defendant's Store Front**

Defendant sells other type of glass for different purposes or occasions. For example, Polarized Sports **Bike** Glasses. Defendant uses the word "wayfarer" to differentiate glasses used for walker from those used in sports.



**Defendant's Another Store Front**

In fact, there is no confusion between Defendant's mark and Plaintiff's mark as Defendant clearly indicated that this product is "LASIYANOR" in enlarged fonts. Defendant also registered for the mark "LASIYANOR." An ordinary consumer can easily look it and and know this brand is not associated with Plaintiff's mark.



**Defendant's Store Front**



**Defendant's Registered Mark.**

## D. Alternatively, The Preliminary Injunction Shall Be Modified Because The Preliminary Injunction Is Excessive

Restraining asset before judgment has caused greated concerns to the Court because district courts generally do *not* have the authority to preliminarily restrain assets where a plaintiff seeks a money judgment. *Deckers Outdoor Corp. v. The Partnerships*, No. 13 C 07621, 2013 U.S. Dist. LEXIS 205985, at *4 (N.D. Ill. Oct. 30, 2013)

(emphasis original) citing *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 331, 119 S. Ct. 1961, 144 L. Ed. 2d 319 (1999).

The Supreme Court explained that courts sitting in equity traditionally did not have that expansive power, and allowing creditors to pursue prejudgment restraints would disrupt the long-standing law governing creditors and debtors:

More importantly, by adding, through judicial fiat, a new and powerful weapon to the creditor's arsenal, the new rule could radically alter the balance between debtor's and creditor's rights which has been developed over centuries through many laws-including those relating to bankruptcy, fraudulent conveyances, and preferences. Because any rational creditor would want to protect his investment, such a remedy might induce creditors to engage in a "race to the courthouse" in cases involving insolvent or near-insolvent debtors, which might prove financially fatal to the struggling debtor.

*Id.* citing 527 U.S. at 331.

Where equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief. *Id*. at 5. For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and *no more*. *Id*. (emphasis added)

The Seventh Circuit has also opined that a district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed and if Plaintiff seeks an accounting and profits remedy, a restraining order of the unlawful profit is appropriate. *CSC Holdings, Inc. v. Redisi* , 309 F.3d 988, 996 (7th Cir. 2002).

If the Court finds that it has personal jurisdiction over this Defendant and that Plaintiff showed likelihood of success on the merit, Defendant respectfully requests that the Preliminary Injunction Order be tailor to freeze any the sales amount resulted from the selling of the allegedly infringing products, which is approximately $280. Plaintiff has frozen more than $38,000 of Defendant's Amazon account, most of which are not even related to the alleged infrining sale. See the sales record below, which can be easily verified from Amazon.





## IV. CONCLUSION

Based on the foregoing, Defendant respectfully request to vacate the preliminary

injunction order and to dismiss for lack of personal jurisdiction under FRCP 12(b)(2), and

alternatively modify the preliminary injunction to $280 against this specific defendant

Date: 01/25/2022                                          Respectfully Submitted

                                                    /s/ Shengmao Mu
                                                    SHENGMAO MU
                                                    57 West, 57th Street,

3rd and 4th Floors,
New York, NY, 10019
Tel: 917-858-8018
Fax:917-591-0618
mousamuel@whitewoodlaw.com


Attorney for Defendant